IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                    21-CR-6123 FPG

DALE E. TRIMMER,

           Defendant.

## PLEA AGREEMENT

The defendant, DALE E. TRIMMER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.  THE PLEA AND POSSIBLE SENTENCE

1. The defendant agrees to waive indictment and plead guilty to a one-count Information charging a violation of Title 18, United States Code, Section 2252A(a)(2)(A) (attempted receipt of child pornography), for which the mandatory minimum term of imprisonment is 5 years and the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000, a $100 special assessment, and a term of supervised release of 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2. The defendant understands that the Court must impose an assessment of not more than $35,000 for the offense of conviction pursuant to Title 18, United States Code, Section 2259A(a)(2), in addition to any other criminal penalty, restitution, or special

assessment. The defendant further understands that, unless the defendant is indigent, the Court must impose a special assessment of $5,000 for the offense of conviction pursuant to Title 18, United States Code, Section 3014.

3. The defendant acknowledges that, pursuant to Title 18, United States Code, Section 2259(b)(2), the Court must order restitution for the losses of the victims, but no less than $3,000 per victim. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

4. The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximums set forth in Paragraph 1 of this agreement.

5. The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions: where the defendant resides; where the defendant is employed; and where the defendant is a student. The defendant understands the requirements

for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status. The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

## II.   ELEMENTS AND FACTUAL BASIS

6.   The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a. That using a means or facility of interstate or foreign commerce, that is, the Internet and a smart phone, the defendant attempted to receive a visual depiction;

   b. That the visual depiction the defendant attempted to receive constituted child pornography; and

   c. That the defendant knew what he attempted to receive constituted child pornography.

## FACTUAL BASIS

7. The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty, including relevant conduct:

   a. Between November 24, 2020 and February 5, 2021, while in the Western District of New York, the defendant, who was 46 years of age, engaged in sexually explicit online conversations with an undercover law enforcement officer (the UC) in Rochester, NY, whom the defendant believed was a 13 year old minor female (the minor).

   b. Believing that the UC was a minor, the defendant attempted to persuade, induce and entice the minor to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct. Specifically, the defendant asked the minor to produce and send him nude photographs and videos depicting the lascivious exhibition of the minor's genitals as defined by Title 18, United States Code, Section 2256(8).

   c. The defendant used a means and facility of interstate and foreign commerce, that is the internet and a cell phone, in order to communicate with the minor. The cell phone (an apple iPhone) was manufactured outside of the United States and outside of New York State. It therefore travelled in interstate and foreign commerce.

   d. At all times relevant, the defendant acted knowingly in that he knew what he attempted to receive constituted child pornography.

### III.   SENTENCING GUIDELINES

8. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

9. The government and the defendant agree that pursuant to Sentencing Guidelines § 2G2.2(c)(1), Guidelines § 2G2.1(a) applies to the offense of conviction and provides for a base offense level of 32.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

10. The government and the defendant agree that the following specific offense characteristics do apply:

   a. The **two-level** increase pursuant to Guidelines § 2G2.1(b)(1)(B) (the minor had attained the age of 12 years but had not attained the age of 16 years).

   b. The **two-level** increase pursuant to Guidelines § 2G2.1(b)(6) (the offense involved use of a computer).

## ADJUSTED OFFENSE LEVEL

11. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 36.

## ACCEPTANCE OF RESPONSIBILITY

12. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a **total offense level of 33.**

## CRIMINAL HISTORY CATEGORY

13. It is the understanding of the government and the defendant that the defendant's criminal history category is II. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the

defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

14. It is the understanding of the government and the defendant that, with a total offense level of 33 and criminal history category of II, and taking into account the applicable statutory minimum and maximum penalties, the defendant's sentencing range would be a term of imprisonment of **151-188 months, a fine of $35,000 to $250,000, and a period of supervised release of 5 years to life.** Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

15. The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above. The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

16. The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV. STATUTE OF LIMITATIONS

17. In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V. REMOVAL

18. The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI. GOVERNMENT RIGHTS AND RESERVATIONS

19. The defendant understands that the government has reserved the right to:

a. provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b. respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c. advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment;

      d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

      e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

20.    At sentencing, the government will move to dismiss the Criminal Complaint in this matter 21-MJ-527.

21.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VII.   APPEAL RIGHTS

22.    The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in **Section III, Paragraph 14** above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

23.    The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the

future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

24.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in **Section III, Paragraph 14**, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

25.     The defendant specifically acknowledges that in furtherance of the defendant's criminal conduct the defendant utilized the following cellular phone and related media which was seized by law enforcement officials based upon the execution of a search warrant:

    a.     One (1) iPhone 11 IMEI 356555109041650; S/N F4GCSE85N72Q.

26.     Since the cellular telephone and related media were instrumentalities of the crime, the defendant specifically agrees to the forfeiture of the cellular telephone and all of the components and related media to the United States pursuant to Title 18, United States Code, Sections 2253(a)(1) and 2253(a)(3). All forfeited property will be referenced in the PRELIMINARY ORDER OF FORFEITURE, and the defendant waives any rights or interest in those items which the defendant may still possess or for which the defendant may have any claim.