IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.

DALE TRIMMER,

              Defendant.

21-CR-6123-FPG

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, that the government hereby adopts all findings of the Presentence Investigation Report (PSR) with respect to sentencing factors in this action.

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United State District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Forfeiture/Financial Litigation Unit
> U.S. Attorney's Office--WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

In reviewing the Section 3553(a) factors, as enumerated in Title 18 of the United States Code, the government respectfully requests the Court particularly consider the need for the sentence to reflect the nature and circumstances of the offense, the seriousness of the offense, the need for deterrence, and the need to protect the public from further crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (a)(2).

In this case, the defendant engaged in sexually explicit online communications with an undercover law enforcement officer, who the defendant believed was a 13 year old girl. During the communications, the defendant attempted to have the child produce and send him

sexually explicit photographs and videos of herself.  The defendant also spoke about wanting to meet and have sex with the child and actually purchased the child gifts, to include a sweatshirt, socks and stockings.  (PSR, ¶ 55).  In one chat, the defendant sent the child a 13 second video of himself masturbating, after which he said "maybe watching while playing w urself will help take care of some of ur 'urges' before we actually do have sex" and encouraged the child to send him a video in return.  (PSR, ¶ 45).

This conduct is egregious in and of itself.  However, as detailed in the PSR, this is not the first instance in which the defendant has sought to have sex with a child.  (PSR, ¶¶ 32-35 and 78).  In 2005 the defendant was arrested by the Monroe County Sheriff's Office after he engaged in sexually explicit online conversations with an undercover officer who he believed was a 14 year old girl.  (PSR, ¶ 32-35).  The defendant was ultimately arrested when he attempted to meet the girl at Marketplace Mall in Henrietta for sex.  *Id.*  The defendant was originally sentenced to serve 6 months in the Monroe County Jail followed by 5 years of sex offender probation, but in 2006 he was resentenced to serve 1 to 3 years in New York State Prison after he violated the terms of his probation by incurring another arrest, and having unsupervised contact with the minor children of his ex-girlfriend.  *Id.*

Because the defendant has engaged in repeated conduct involving the exploitation/attempted exploitation of minors and was not deterred by a prior state prison sentence, the government submits that a significant period of incarceration is both appropriate and necessary in this case to deter the defendant and others from such crimes, and to protect the public pursuant to 18 U.S.C. § 3553(a).

DATED:   Rochester, New York,
           December 3, 2021

                                      TRINI E. ROSS
                                      United States Attorney
                                      Western District of New York

                          BY:   s/KYLE P. ROSSI
                                  Assistant U.S. Attorney
                                  U.S. Attorney's Office
                                  100 State Street, Suite 500
                                  Rochester, New York 14614
                                  Tel.:  (585) 263-6760

TO:   Sonya Zoghlin, Esq.
       Jennifer Fish, U.S.P.O.